SALVADOR PERALES MIRANDA, Plaintiff and Appellant, *v.* CELESTINO PERALES MIRANDA, Defendant and Appellee.

No. 8663.   Argued December 8, 1943.—Decided February 17, 1944

*Federico García Veve* for appellant. *Francisco Torres Aguiar* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an appeal from a judgment for the defendant in a revendication suit.   The opinion of the district court reads as follows:

"Salvador Perales prays that his brother Celestino be ordered to restore to him a certain parcel of land and a small wooden house therein located, Salvador claiming to be the owner and that Celestino holds them without any title.   Celestino claims that he is co-owner of the property.

"From the evidence it appears that the Catholic Church, owner of a certain lot, which is number 404 in the urbanization plat of the Capetillo estate of Río Piedras, leased it.   We do not know the terms of the lease contract.   Antonio Rosado acquired by assignment the rights of the lessee.   Celestino, who was in the employ of Rosado, found out that Rosado wanted to assign his rights to the lot and to sell the wooden house situated thereon (the one now occupied by the defendant), and he let it be known to Salvador, and on February 7, 1936, an instrument was executed before a notary according to which Rosado sold the house, and assigned his rights as lessee of the lot to Salvador for $225.00, which, as the instrument recited, had been received by the vendor prior to that date.   A short time later Celestino occupied the house, which he has improved.   Later Salvador built another house and a shed (*ranchón*) on the lot.   When Celestino erected some cement columns, for

the purpose of adding a second floor to the house which he occupies, Salvador objected and the disagréement arose between the brothers which has given rise to this suit. On October 10, 1940, after this disagreement, Salvador acquired ownership of the lot from the Catholic Church.

"There is a direct conflict in the evidence with regard to Celestino's participation in the contract of February 7, 1936. The plaintiff's evidence is to the effect that he was the sole purchaser and that he paid the entire purchase price. The defendant's evidence is to the effect that he paid half of the purchase price, under the agreement that he was to be co-owner of the wooden house and of the rights in the lease of the lot. It has not been easy to resolve this conflict. We are inclined to believe defendant's evidence in this respect, principally because of the testimony of Antonio Rosado, an apparently disinterested witness, who testified in a manner worthy of belief. The conflict thus decided, we find that Celestino is co-owner of an undivided half of the house and of the rights in the lease of the lot, and that Salvador is the owner in fee simple of the lot.

"When Salvador acquired ownership of the lot, he could have terminated Celestino's lease (§ 1461, Civil Code, 1930 ed.); but it does not appear that he did so. His complaint is not predicated upon this theory. On the other hand, we do not know the terms of the lease contract, so that we are unable to determine plaintiff's and defendant's respective rights pursuant to said contract. Therefore in view of the fact that defendant is co-owner of an undivided half of the house which he occupies, a judgment ordering defendant to restore to the plaintiff the house or that part of the lot wherein the house is situated, is clearly improper.

"For the aforesaid reasons, a judgment must be entered dismissing the complaint, with costs."

The district court disposed of a motion for reconsideration in the following language:

"We are asked to reconsider our judgment of April 6, 1942, but in substance what is asked of us is that we clarify certain statements in the opinion on which the judgment was based. As we said in our opinion, plaintiff proved that he was the sole owner of the lot. The defendant is co-owner, together with the plaintiff, of the house situated upon said lot. In our opinion we did not attempt

to decide, nor did we decide, that defendant has any rights in the lot. The dispute concerned the house alone, and this we decided for the defendant, since we deemed him to be co-owner of the same.''

The only substantial question involved herein is the alleged error of the district court in weighing the evidence. However this is a typical case of conflict in the testimony. The lower court believed the testimony of the defendant, which was corroborated by Antonio Rosado, a Protestant Minister and vendor of the house and lease in question. Under such circumstances we would not be, warranted in interfering with the judgment of the lower court.

The judgment and order of the district court will be affirmed.